IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Brad R. Johnson, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Civil Action No.: 4:08-cv-2726-TLW-TER |
| | ) | |
| Lewis V. Hall; Doris Cubitt, CPA; | ) | |
| A. Able, CPA; B. Baker, CPA; and | ) | |
| C. Charlie, CPA, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |
| Brad R. Johnson, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Civil Action No.: 3:09-cv-0102-TLW-TER |
| | ) | |
| Randall Bryant; Doris Cubitt, CPA; | ) | |
| Malane S. Pike, Esq..; Mark T. | ) | |
| Hobbs, CPA; Gary F. Forte; Bobby R. | ) | |
| Creech, Jr., CPA; Donald H. | ) | |
| Burkett, CPA; Anthony A. | ) | |
| Callander, CPA; Wendell Lunsford, PA; | ) | |
| and John F. Camp, CPA, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**ORDER**

On August 1, 2008, the plaintiff, Brad R. Johnson ("plaintiff"), proceeding pro se, filed a

civil action against defendants Lewis V. Hall, Doris Cubitt, A. Able, B. Baker, and C. Charlie.

(Civil Action No.: 4:08-cv-2726-TLW-TER, Doc. # 1). On January 16, 2009, the plaintiff,

proceeding pro se, filed a civil action against defendants Randall Bryant; Doris Cubitt, CPA; Malane

1

S. Pike, Esq..; Mark T. Hobbs, CPA; Gary F. Forte; Bobby R. Creech, Jr., CPA; Donald H. Burkett, CPA; Anthony A. Callander, CPA; Wendell Lunsford, PA; and John F. Camp, CPA.  (Civil Action No.: 3:09-cv-0102-TLW-TER, Doc. # 1).  These two cases were consolidated for purposes of discovery.  (Entry # 89; Entry # 60).[1]  On September 7, 2010, the defendants filed a motion for summary judgment.  (Doc. # 204; Doc. # 157).  The plaintiff filed a response to the defendants' motion for summary judgment.  (Doc. # 244; Doc. # 192).

This matter now comes before this Court for review of the Report and Recommendation ("the Report") filed by United States Magistrate Judge Thomas E. Rogers, III to whom this case had previously been assigned.  (Doc. # 250; Doc. # 196).  In the Report, the Magistrate Judge recommends that the District Court grant the defendants' motion for summary judgment.  (Doc. # 250; Doc. # 196).  The plaintiff filed objections to the Report.  (Doc. # 254; Doc. # 201).  In conducting this review, the Court applies the following standard:

> The magistrate judge makes only a recommendation to the Court, to which any party may file written objections . . . .  The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination. The Court is required to make a de novo determination of those portions of the report or specified findings or recommendation as to which an objection is made.  However, the Court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the Report and Recommendation to which no objections are addressed.  While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case, the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations.

---

[1] For the remainder of this Order, when the Court cites document or entry numbers, the first number refers to filings in Civil Action No.: 4:08-cv-2726-TLW-TER and the second number refers to filings in Civil Action No.: 3:09-cv-0102-TLW-TER.  In addition, the term "defendants" refers collectively to the defendants in both actions.

Wallace v. Housing Auth. of the City of Columbia, 791 F. Supp. 137, 138 (D.S.C. 1992) (citations omitted).

In light of the standard set forth in Wallace, the Court has reviewed, de novo, the Report and the objections. After careful review of the Report and objections thereto, the Court **ACCEPTS** the Report in Civil Action No.: 4:08-cv-2726-TLW-TER. (Doc. # 250). Therefore, for the reasons articulated by the Magistrate Judge, the defendants' motion for summary judgment (Doc. # 204) in that action is **GRANTED,** and the defendants' motion to strike the plaintiff's response in opposition to their motion for summary judgment (Doc. # 245) is now **MOOT**. The Court also **ACCEPTS** the Report in Civil Action No.: 3:09-cv-0102-TLW-TER. (Doc. # 196). For the reasons articulated by the Magistrate Judge, the defendants' motion for summary judgment (Doc. # 157) in that action is **GRANTED**, and the defendants' motion to strike the plaintiff's response in opposition to their motion for summary judgment (Doc. # 193) is now **MOOT**.[2]  In light of this ruling, both Civil

---

[2] On September 15, 2010, this Court signed an Order granting summary judgment to the defendants as to the plaintiff's cause of action for a First Amendment violation. (Doc. # 208; Doc. # 161). On July 8, 2011, the plaintiff filed a motion for reconsideration of this Order. (Doc. # 231; Doc. # 178). On July 20, 2011, the defendants filed a response in opposition to the plaintiff's motion for reconsideration. (Doc. # 242; Doc. # 189). In his motion for reconsideration, the plaintiff argues the Court should have considered whether his use of the CPA designation was potentially misleading rather than inherently misleading and cites to In re R.M.J. where the Supreme Court held states "may not place an absolute prohibition on certain types of potentially misleading information, e.g., a listing of areas of practice, if the information also may be presented in a way that is not deceptive." 455 U.S. 191, 203 (1982). However, the statutes at issue here do not place an "absolute prohibition" on the use of the designation CPA but rather limit its use to persons who obtain a license from the state of South Carolina or, under the 2008 amendments to the statutes in dispute, qualify for a practice privilege. See also Accountant's Soc'y of Va. v. Bowman, 860 F.2d 602, 605 (4th Cir. 1988) ("The state  has an interest in assuring the public that only persons who have demonstrated their qualifications as certified public accountants and received a license can hold themselves out as certified public accountants."). Thus, after careful consideration, the Court concludes the plaintiff is not entitled to relief on this argument or the other arguments asserted by the plaintiff in his motion to reconsider. Therefore, the plaintiff's motion for reconsideration (Doc. # 231 in Civil Action No.: 4:08-cv-2726-TLW-TER; Doc. # 178 in Civil Action No.: 3:09-cv-0102-TLW-TER) is **DENIED.**

Action No.: 4:08-cv-2726-TLW-TER and Civil Action No.: 3:09-cv-0102-TLW-TER are

**DISMISSED** in their entirety.

      **IT IS SO ORDERED**.

                                                    s/Terry L. Wooten
                                          United States District Judge

September 27, 2011
Florence, South Carolina